O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RENNE GARCIA,<br><br>        Petitioner,<br><br>    vs.<br><br>R. GROUNDS, Acting Warden,<br><br>        Respondent. | Case No. CV 10-2421-JFW (RNB)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    This Report and Recommendation is submitted to the Honorable John F. Walter, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## PROCEEDINGS

    On March 31, 2010, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The sole ground for relief alleged in the Petition was that petitioner's trial counsel had rendered ineffective assistance of counsel in three respects.

    Following three extensions of time, respondent filed a Motion to Dismiss on August 6, 2010, on the ground that one of petitioner's ineffective assistance

subclaims was unexhausted. Per a Minute Order issued on August 11, 2010, the Court advised petitioner that, based on its comparison of the Petition herein to his California Supreme Court filings (and in particular his California Supreme Court habeas petition), the Court was inclined to agree with respondent that the ineffective assistance of counsel subclaim alleged in Section B of the Petition was not "fairly presented" to the California Supreme Court. The Court further advised petitioner <u>inter alia</u> that it seemed he had the following options: (a) file opposition to the Motion to Dismiss, if petitioner disagreed that the ineffective assistance of counsel subclaim alleged in Section B of the Petition was unexhausted, (b) file a notice of withdrawal of his unexhausted ineffective assistance of counsel subclaim and go forward solely on his exhausted subclaims, or (c) file a notice of voluntary dismissal without prejudice in order to return to state court to exhaust his state remedies with respect to his unexhausted ineffective assistance of counsel subclaim, and then return to federal court prior to the lapse of the one-year limitations period of 28 U.S.C. § 2244(d). The Court further advised that, while another option for a habeas petitioner who had filed a "mixed petition" was to request that his federal habeas petition be held in abeyance while he returns to state court to exhaust his state remedies with respect to his unexhausted claim(s), that option did not appear to be a viable option for petitioner here since it was inconceivable to the Court that petitioner could make the requisite showing under <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) of good cause for his failure to exhaust his unexhausted ineffective assistance of counsel subclaim in state court prior to filing the Petition herein.

   In response to the August 11, 2010 Minute Order, petitioner filed a document on September 9, 2010 captioned "Petitioner's Request for a 'Stay and Abeyance' to Return to State Court to Exhaust State Judicial Remedies" (the "Request"). Respondent filed opposition to the Request on September 30, 2010, and petitioner filed a Reply thereto on October 13, 2010.

   For the reasons discussed hereafter, the Court now recommends that the

Request be denied, and that the Petition be dismissed without prejudice unless, within thirty (30) days of the adoption of this Report and Recommendation, petitioner either voluntarily dismisses the Petition without prejudice or files a notice of withdrawal of his unexhausted ineffective assistance of counsel subclaim.

## BACKGROUND

On January 12, 2006, a Los Angeles County Superior Court jury convicted petitioner of one count of possessing methamphetamine, in violation of Cal. Health & Safety Code § 11377(a). As a second strike offender, petitioner subsequently was sentenced to a total term of eight years in state prison. (See Pet. at 8; respondent's Notice of Lodging, Lodged Document ["LD"] 1 at 2.)

In his first appeal, petitioner contended that the trial court improperly had denied his motion for discovery of the personnel records of a number of law enforcement officials, known in California as a "Pitchess motion." The Court of Appeal concluded that the trial court had erred in denying the Pitchess motion as it related to the two deputies who had arrested petitioner and appeared as witnesses at his trial--Los Angeles County Sheriff's Deputies McDaniel and Garcia. Accordingly, the Court of Appeal conditionally reversed and remanded, instructing the trial court to review the two deputies' personnel records, provide petitioner with an opportunity to develop any relevant evidence, and order a new trial if petitioner demonstrated "a reasonable probability that the outcome of the trial would have been different had the discovered evidence been admitted." (See Pet. at 8-9; LD 1 at 2, 4-5.)

On remand, the trial court conducted the in camera review and found two relevant incidents relating to Deputy McDaniel and one relevant incident relating to Deputy Garcia. The defense was provided with identifying information for the complaining witnesses involved in all three incidents. At a subsequent hearing to determine whether the evidence established a reasonable probability of a different outcome at trial, the trial court found that petitioner had not met his burden.

1  Accordingly, the trial court denied petitioner's new trial motion and reinstated the
2  original judgment. (See Pet. at 9; LD 1 at 2, 5-7.)
3        Petitioner appealed the reinstatement of the judgment, claiming (a) that the trial
4  court should have been instructed to order a new trial once it located pertinent
5  information in the deputies' personnel files, without further proceeding or proof of
6  prejudice, and (b) that the trial court's finding that the defense failed to demonstrate
7  a reasonable probability of a different outcome was not supported. (See LD 1 at 2-3).
8  In an unpublished opinion filed October 21, 2008, the California Court of Appeal
9  rejected petitioner's claims and affirmed the judgment. (See LD 1 at 8-13.)
10 Petitioner then raised the same two claims in a Petition for Review to the California
11 Supreme Court that was summarily denied on February 11, 2009. (See LD 2, 3.)
12       According to petitioner, he filed a habeas petition in the Court of Appeal
13 concurrently with his appeal, which was denied without prejudice on October 21,
14 2008 to its refiling in the Superior Court. He then filed a Superior Court habeas
15 petition that was summarily denied on January 28, 2009 for the stated reasons that it
16 contained "vague, conclusory allegations," failed to state a prima facie case for relief,
17 and presented issues that could have been raised on direct appeal. (See Pet. at 9.).
18 He then filed a second habeas petition in the Court of Appeal of February 13, 2009,
19 which the Court of Appeal denied on February 27, 2009 on the basis that petitioner
20 had failed to state facts sufficient to demonstrate entitlement to relief. (See id.; see
21 also Attachment to LD 4.)
22       In his ensuing Petition for Review of the Court of Appeal's denial of his habeas
23 petition, petitioner alleged that trial counsel had rendered ineffective assistance in two
24 respects that correspond to Subclaims A and C of the Petition herein. (See LD 4.) On
25 April 29, 2009, the California Supreme Court summarily denied the Petition for
26 Review without citation of authority. (See LD 5.)
27       The lodging for filing of the Petition herein followed approximately 11 months
28 later on March 31, 2010.

## PETITIONER'S CLAIMS HEREIN

Petitioner claims that his trial counsel provided ineffective assistance in the following respects:

  A. Failing to impeach the trial testimony of Officers McDaniel and Garcia with inconsistent information in their reports and other available evidence that contradicted their testimony.  (See Pet. at 16-18.)

  B. Failing to follow through on investigative leads that discredited Officer McDaniel.  (See Pet. at 19-20.)

  C. Bolstering the Officers' false testimony instead of highlighting inconsistencies in it.  (See Pet. at 20-22.)

## DISCUSSION

**A. The Petition constitutes a "mixed" petition.**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process, or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel.  See 28 U.S.C. § 2254(b)(3).  Here, the State affirmatively has declined to expressly waive the exhaustion requirement, but rather affirmatively has asserted that the Petition should be dismissed on that ground.

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state.  See

James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that, for purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions. See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003), cert. denied, 541 U.S. 956 (2004); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003).

Here, the Court finds that, even applying the more lenient standard for pro se petitions, petitioner has failed to meet his burden because Subclaim B was not presented to the California Supreme Court in either of petitioner's California Supreme Court filings. Although petitioner did claim in his second Petition for Review that his trial counsel had rendered ineffective assistance, he only specified two respects in which trial counsel allegedly had rendered ineffective assistance, one of which corresponds to Subclaim A of the Petition herein (compare LD 4 at 9-12 to Pet. at 16-18) and the other of which corresponds to Subclaim C of the Petition herein (compare LD 4 at 12-15 to Pet. at 20-22). Indeed, in his stay-and-abeyance request, petitioner does not dispute that Subclaim B is unexhausted.

If it were clear that the California Supreme Court would hold that petitioner's unexhausted ineffective assistance subclaim was procedurally barred under state law, then the exhaustion requirement would be satisfied.[1] See Castille v. Peoples, 489

---

[1] In that event, although the exhaustion impediment to consideration of
(continued...)

U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson, 88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's unexhausted ineffective assistance subclaim is procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).[2] The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

**B.     Petitioner's stay-and-abeyance request should be denied.**

As noted above, in response to the August 11, 2010 Minute Order, petitioner filed a request on September 9, 2010 that the Court hold the Petition in abeyance while he returns to state court to exhaust his state remedies with respect to his unexhausted ineffective assistance subclaim.

In Rhines, 544 U.S. at 277, the Supreme Court held that, in certain "limited

---

[1](...continued)
petitioner's claims on their merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

[2]     Accordingly, there is no need for the Court to consider at this time petitioner's arguments in the Request and the Reply to as to why he should be excused from his procedural default.

circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims.[3] Under Rhines, 544 U.S. at 277-78, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (a) that the petitioner show good cause for his failure to exhaust his claims first in state court; (b) that the unexhausted claims not be "plainly meritless"; and (c) that petitioner not have engaged in "abusive litigation tactics or intentional delay."

In Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005), the Ninth Circuit held that "good cause" for the failure to exhaust entails a showing less stringent than "extraordinary circumstances." However, as the Ninth Circuit subsequently explained in Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, 129 S. Ct. 2771 (2009):

> "[W]e must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.' Id. at 661. We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court."

Bearing the foregoing considerations in mind, the Court concurs with respondent that petitioner has not made a sufficient showing of good cause for his

---

[3] The Court notes that, in his stay-and-abeyance request and his Reply, petitioner also has cited Kelly v. Small, 315 F.3d 1063 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). However, the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly, 315 F.3d at 1070, only applies to fully exhausted petitions. The Rhines stay-and-abeyance procedure applies to "mixed" petitions, such as the Petition herein. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009).

failure to exhaust Subclaim B prior to the filing of the Petition herein. Petitioner attributes his failure to exhaust Subclaim B prior to the filing of the Petition herein to the failure of petitioner's first appellate counsel (Ms. Geller) to raise the claim despite petitioner's wife apprising Ms. Geller of the underlying information prior to Ms. Geller's filing of her opening brief. (See Request at 2; Reply at 2-3.) The Court notes, however, that Ms. Geller could not have raised Subclaim B in her opening brief on direct appeal because the determination of the claim would have required consideration of evidence outside the appellate record. Subclaim B could only have been raised in a habeas petition and petitioner did not have the right to the effective assistance of counsel for purposes of filing a state habeas petition. See Pennsylvania v. Finley, 481 U.S. 551, 556-57, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).

   The Court further notes that, following the proceedings on remand, petitioner was represented by different appellate counsel (Ms. Dressner) who not only filed a direct appeal for petitioner, but also habeas petitions at the different state court levels in which petitioner alleged that he had received ineffective assistance of trial counsel (although not in the respect now being alleged in Subclaim B). The California Supreme Court denied petitioner's Petition for Review of the Court of Appeal denial of his habeas petition on April 29, 2009. However, petitioner's judgment of conviction did not become final until May 12, 2009, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Consequently, the earliest date of which the one limitation period of 28 U.S.C. § 2244(d) could have run was May 12, 2010. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner therefore had ample opportunity to present Subclaim B in a pro se habeas petition to the California Supreme Court prior to the lodging for filing of the Petition herein on March 31, 2010.

   To the extent that petitioner also purports to attribute his failure to exhaust Subclaim B prior to the filing of the Petition herein to his lack of legal assistance, his

lack of legal knowledge, his limited education, and restrictions on law library access, the Court finds that these excuses are insufficient to satisfy the Rhines good cause requirement because they could be invoked by virtually every pro se habeas petitioner and, in the words of the Ninth Circuit in Wooten, 540 F.3d at 1024, "would conflict with the Supreme Court's guidance in Rhines and disregard the goals of the AEDPA." See also, e.g., Hernandez v. California, 2010 WL 1854416, *2-*3 (N.D. Cal. May 6, 2010) (concluding that limited education, lack of legal assistance, and routine restrictions on law library access were insufficient to satisfy the Rhines good cause requirement); Hamilton v. Clark, 2010 WL 530111, *2 (E.D. Cal. Feb. 9, 2010) ("Ignorance of the law and limited access to a law library are common among pro se prisoners and do not constitute good cause for failure to exhaust."); Barno v. Hernandez, 2009 WL 2448435, *6-*7 (S.D. Cal. April 17, 2009) (limited library access, and lack of legal knowledge and literacy do not establish good cause); Smith v. Giurbino, 2008 WL 80983, *2 (S.D. Cal. Jan. 7, 2008) (holding that "lack of legal knowledge and self-representation do not, in and of themselves, constitute good cause"); Calvert v. Daniels, 2006 WL 2527639, *2 (E.D. Wash. Aug. 28, 2006) ("The Court finds that the mere fact that a petitioner is acting pro se or lacks knowledge of the law does not establish 'good cause' under Rhines."); Riseley v. Warden, Pleasant Valley State Prison, 2006 WL 1652657, at *2 n.3 (E.D. Cal. June 14, 2006) ("The mere fact that a petitioner is pro se or lacks knowledge of the law is insufficient to satisfy the cause prong."), Report and Recommendation adopted by 2007 WL 703699 (E.D. Cal. Mar. 5, 2007); Stephanski v. Superintendent of Upstate Correctional Facility, 433 F. Supp. 2d 273, 279-80 (W.D.N.Y. 2006) (holding Rhines "good cause" requirement not satisfied where petitioner alleging that the "good cause" for his failure to exhaust his claims in state court was that he "is a layman, has no legal training, a limited education with poor comprehension skills, and limited access to legal materials or persons trained to provide adequate legal assistance").

    Moreover, to the extent that the "investigative leads" that petitioner appears to

be faulting trial counsel for failing to pursue stem from news articles appearing in the San Gabriel Valley Tribune in January 2007 (see Pet. at 19), the Court also finds that petitioner has not made the requisite showing that Subclaim B is not "plainly meritless." Trial counsel cannot be faulted for failing to pursue impeachment leads that did not surface until approximately one year after petitioner's conviction.

## RECOMMENDATION

Under the total exhaustion rule of Rose v. Lundy, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman, 501 U.S. at 731; Castille, 489 U.S. at 349.

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) denying petitioner's stay-and-abeyance request; and (3) directing that Judgment be entered denying the Petition and dismissing this action without prejudice for failure to exhaust state remedies unless, within thirty (30) days of the adoption of this Report and Recommendation, petitioner either voluntarily dismisses the Petition without prejudice or files a notice of withdrawal of Subclaim B.

DATED: October 18, 2010

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE